2022 IL App (1st) 210416-U

FIRST DISTRICT,
FIRST DIVISION
September 6, 2022

No. 1-21-0416

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| DANIEL WOOD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 2019 CH 04723 |
| | ) | |
| LYFT, INC., | ) | Honorable |
| | ) | Michael T. Mullen, |
| Defendant-Appellant, | ) | Judge Presiding. |
| v. | ) | |
| | ) | |
| | ) | |
| ZURICH NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Pucinski and Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's judgment reversed. In a declaratory judgment action, the trial court erred in granting the plaintiff's *pro se* motion to vacate two agreed orders to dismiss the action with prejudice.

¶ 2    For the reasons that follow, we reverse the circuit court's judgment.

¶ 3                    BACKGROUND

¶ 4    On April 12, 2019, plaintiff Daniel Wood filed a declaratory judgment action against defendants Lyft, Inc. ("Lyft") and Marsh Risk & Insurance Services. According to the complaint,

plaintiff was in a car accident with an uninsured driver while working as a driver for Lyft. Plaintiff alleged that Lyft's "automobile insurance policy," under which he sought coverage, violated the minimum liability insurance requirement as set forth in section 12-707.01(b)(3) of the Illinois Vehicle Code.

¶ 5       Plaintiff filed an amended complaint on June 12, 2019, adding an allegation that the liability insurance requirements of the Transportation Network Providers Act (625 ILCS 57 *et seq*) are "in direct conflict" with the requirements of section 12-707.01(b)(3) of the Illinois Vehicle Code. Plaintiff filed a second amended complaint on October 7, 2019, substituting defendant Zurich North America for defendant Marsh Risk & Insurance Services.

¶ 6       Lyft filed a motion to dismiss the second amended complaint and for sanctions on November 4, 2019, arguing that sanctions were warranted because plaintiff's counsel admitted "the meritless nature of the complaint" but refused to voluntarily dismiss the action. Plaintiff responded that there was a "good faith basis" to pursue the claim "based on the plain language of the applicable policy that was in effect at the time of the accident." The trial court granted Lyft's motion to dismiss, without prejudice, on September 8, 2020, giving plaintiff "one last opportunity to file a further amended complaint." Lyft's motion for sanctions was entered and continued.

¶ 7       Plaintiff's third amended complaint was filed on September 29, 2020. On October 26, 2020, Steven Levin, a member of the law firm representing plaintiff, advised Lyft's attorney that plaintiff's original attorney, Bryan Flangel, had left the firm. Jeffrey Deutschman filed an additional appearance on plaintiff's behalf.

¶ 8       On November 3, 2020, Levin phoned Lyft's counsel to "broker a deal" and offered to dismiss the action against Lyft with prejudice in exchange for withdrawing its motion for sanctions. On November 4, 2020, Levin contacted Lyft's counsel again and requested agreement on an order to "dismiss Lyft with prejudice." Lyft's Motion to Dismiss the Third Amended

Complaint and For Additional Sanctions was filed the same day.

¶ 9    On November 5, 2020, an agreed order to dismiss the action against Lyft with prejudice was entered. Plaintiff's complaint against Zurich and Lyft's two motions for sanctions remained pending.

¶ 10    On November 25, 2020, plaintiff filed a response to Lyft's motion for additional sanctions, conceding that after consulting with Levin and Deutschman, he "voluntarily agreed to dismiss [Lyft] with prejudice" based upon Lyft's agreement to dismiss the sanctions motions. In an affidavit attached to his response, plaintiff clarified that his original counsel "misled" him into bringing the complaint against Lyft, but he "agreed to a dismissal of the case against Lyft *** [o]nce properly informed of the law" by Levin and Deutschman in October, 2020.

¶ 11    On December 7, 2020, the court entered an "Agreed Order of Dismissal of Entire Case" with prejudice. The order also provided that "all pending motions for sanctions filed by [Lyft] are withdrawn."

¶ 12    On January 6, 2021, plaintiff filed a *pro se* motion to vacate the December 7, 2020 agreed order of dismissal. Plaintiff alleged he "was never informed of the legal significance of the term with prejudice," and would not "have agreed to a dismissal of that type" if he had been "informed of what that term meant."

¶ 13    Lyft responded that "consent orders are not subject to review or vacatur by a court because consent orders do not represent the judgment of a court." Lyft also relied on plaintiff's sworn statement that he had agreed to the dismissal only after being "properly informed of the law" by his attorneys.

¶ 14    On March 15, 2021, the circuit court granted plaintiff's motion to vacate, as follows: "The agreed Orders of Dismissal entered on November 5, 2020, and December 7, 2020 are vacated, both are modified to strike the phrase 'with prejudice,' and both shall be deemed entered as of the date

of the first order, November 5, 2020." Plaintiff was also granted leave to reinstate the action by November 5, 2021.

¶ 15                                                    ANALYSIS

¶ 16        Initially, we note that plaintiff failed to file a brief on appeal. This court ordered the case taken on Lyft's brief only, and we are deciding the merits of the appeal without the benefit of an appellee brief. *Selective Insurance Co. v. Urbina*, 371 Ill. App. 3d 27, 29 (2007) ("Where the record is simple and the claimed error is such that the court can easily decide it without the aid of an appellee's brief, a reviewing court will decide the merits of the appeal.").

¶ 17        Plaintiff's *pro se* motion to vacate the agreed orders of dismissal was the functional equivalent of a section 2-1401 motion, a statutory procedure by which judgments may be vacated after 30 days if certain conditions are established. 735 ILCS 5/2-1401(a) (West 2020). The purpose of such a motion is "to bring before the trial court facts not appearing on the record which if known to the court at the time judgment was entered would have prevented its entry." *Burchett v. Goncher*, 235 Ill. App. 3d 1091, 1098 (1991). The motion is a collateral attack on the order or judgement challenged. *Id.*

¶ 18        "An agreed order, also termed a consent order or a consent decree [citation], is not an adjudication of the parties' rights but, rather, a record of their private, contractual agreement." *In re Marriage of Roselth*, 389 Ill. App. 3d 969, 971 (2009). Once entered, such an order generally cannot be amended or varied without the consent of each party. *In re M.M.D.*, 213 Ill. 2d 105, 114 (2004). Absent consent, an agreed order can only be amended or set aside "upon a showing that the order resulted from fraudulent misrepresentation, coercion, incompetence of one of the parties, gross disparity in the position or capacity of the parties, or newly discovered evidence." *Matter of Haber*, 99 Ill. App. 3d 306, 309 (1981).

¶ 19    Plaintiff's justification for requesting that the agreed orders of dismissal be vacated in this case is not among those enumerated above. Plaintiff alleges that he "was never informed of [the] legal significance of the term with prejudice," even though this language appeared on the face of both orders, neither plaintiff nor his attorneys objected to the terms of either order, and the orders were purportedly drafted by plaintiff's attorney. See *Filosa v. Pecora*, 28 Ill. App. 3d 123, (1974) (A consent decree, like a contract, "cannot be set aside on the ground that it is fraudulent where the alleged fraudulent provision appears on the face of the contract so that it was equally open to the knowledge of both parties."). Plaintiff's own pleadings clearly establish that he "authorized the dismissal of the entire case," and "granted his counsel authority to dismiss the case vs. Lyft, Inc. *with prejudice*." (Emphasis added)

¶ 20    Under these circumstances, we find that the court erred in vacating the agreed orders of dismissal. Accordingly, the court order of March 15, 2021, vacating the November 5, 2020, and December 7, 2020, orders of dismissal, is reversed, and the dismissal orders are reinstated.

¶ 21                                   CONCLUSION

¶ 22    For these reasons, we reverse the judgment of the circuit court of Cook County.

¶ 23    Reversed.